UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID WALSH,

    *Plaintiff,*

v.

FIRST NATIONAL BANK OF OMAHA,

    *Defendant.*

_____/

Case No. 1:24-cv-10456

Thomas L. Ludington
United States District Judge

Patricia T. Morris
United States Magistrate Judge

**REPORT AND RECOMMENDATION
TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
(ECF No. 15)
AND
TO DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
(ECF No. 14)**

**I.  RECOMMENDATION**

For the following reasons, **I RECOMMEND** that Defendant's motion for summary judgment (ECF No. 15) be **GRANTED** and Plaintiff's motion for summary judgment (ECF No. 14) be **DENIED**.  If adopted, the case would be dismissed.

**II.  REPORT**

    **A.  Background**

On February 23, 2024, Plaintiff David Walsh filed the instant action alleging

1

that Defendant First National Bank of Omaha ("FNBO") violated the Fair Credit Billing Act ("FCBA"), 15 U.S.C. § 1666 *et seq.* (ECF No. 1, Page ID.3–5). Plaintiff also cites to Regulation Z, 12 C.F.R. § 1026.13. (ECF No. 1, PageID.4).

Plaintiff alleges that Defendant provided him with a Visa branded credit card and that on or about August 23, 2023, Plaintiff noticed three charges for $1,000 each that he did not incur. (ECF No. 1, PageID.2). He says that he "immediately notified FNBO and disputed the [b]ogus [c]harges." (*Id.* at PageID.2). Plaintiff does not dispute that the notification made to Defendant was not in writing but rather was oral during a telephone call. (*See, e.g.*, ECF No. 14, PageID.48–49).

Plaintiff's evidence shows that he contacted Defendant on July 14, 2023, and Defendant's records show that a fraud claim was opened the same day. (ECF No. 14, PageID.97). "The charges were from a merchant named Benaxa Metama for crypto currency" that Plaintiff alleges he "has never done business with" and for which Plaintiff "never authorized such charges." (ECF No. 1, PageID.2). He further alleges that he also "never . . . received any goods or services from the alleged merchant that charged his account for the bogus $3,000." (*Id.* at PageID.4).

Plaintiff's exhibits show that on August 3, 2023, Defendant sent him a letter stating that his claim was denied "due to the fact that [he] participated in the transaction" because the "merchant has provided information matching [Defendant's] records to verify the transaction as legitimate and not as the result of

2

fraud." (ECF No. 14, PageID.106). In his complaint, he alleges that "[o]n September 21, 2023, FNBO issued the Plaintiff a provisional credit for these charges," but on "October 20, 2023, FNBO completed its investigation and declined Plaintiff's dispute and reversed its provisional credit [and] placed the [b]ogus [c]harges on Plaintiff's card account." (ECF No. 1, PageID.3). Plaintiff's submissions confirm that Defendant sent him a letter on October 20, 2023, stating that its "fraud department sent texts [to Plaintiff] on the day the charges were made requesting [him] to confirm the charges were authorized by [him]" and Defendant "received the acknowledgement" and thus concluded that "the charges were made by [Plaintiff], authorized by [Plaintiff] and the charges were [correctly] posted to the account." (ECF No. 14, PageID.110). Given this conclusion, Defendant stated that the "charges [were] valid and therefore payment is due to the merchant." (ECF No. 14, pageID.110).

The parties have filed cross motions for summary judgment (ECF Nos. 14, 15), and the motions are now fully briefed (ECF Nos. 18, 19, 20, 21).

### B. Summary Judgment Standard

A court will grant a party's motion for summary judgment when the movant shows that "no genuine dispute as to any material fact" exists. Fed. R. Civ. P. 56(a). In reviewing the motion, s court must view all facts and inferences in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*

*Corp.*, 475 U.S. 574, 587 (1986). The moving party bears "the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (quoting *Celotex Corp. v. Cartrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted)). In making its determination, a court may consider the plausibility of the movant's evidence. *Matsushita*, 475 U.S. at 587–88. Summary judgment is also proper when the moving party shows that the non-moving party cannot meet its burden of proof. *Celotex*, 477 U.S. at 325.

The non-moving party cannot merely rest on the pleadings in response to a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Instead, the non-moving party has an obligation to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339–40 (6th Cir. 1993). The non-movant cannot withhold evidence until trial or rely on speculative possibilities that material issues of fact will appear later. 10B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2739 (3d ed. 1998).

"[T]o withstand a properly supported motion for summary judgment, the non-moving party must identify specific facts and affirmative evidence that contradict those offered by the moving party." *Cosmas v. Am. Express Centurion Bank*, 757 F. Supp. 2d 489, 492 (D. N.J. 2010). In doing so, the non-moving party cannot simply

assert that the other side's evidence lacks credibility. *Id.* at 493. And while a *pro se* party's arguments are entitled to liberal construction, "this liberal standard does not . . . 'relieve [the party] of his duty to meet the requirements necessary to defeat a motion for summary judgment.' " *Veloz v. New York*, 339 F. Supp. 2d 505, 513 (S.D.N.Y. 2004) (quoting *Jorgensen v. Epic/Sony Recs.*, 351 F.3d 46, 50 (2d Cir. 2003)). "[A] pro se party's 'bald assertion,' completely unsupported by evidence, is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D. N.Y. 1995) (quoting *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

After examining the evidence submitted by the parties, a court then determines "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251-52). Summary judgment will not be granted "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248.

### C. Analysis

Plaintiff contends that he is entitled to summary judgment because he disputed the unauthorized charges to his credit card by telephone and because Defendant's investigation was unreasonable and led to his dispute being improperly denied.

(ECF No. 14, PageID.48–49). Plaintiff's citations to statutory authority and case law are exclusively related to claims brought under Truth in Lending Act ("TILA"), 15 U.S.C. § 1643. (ECF No. 14, PageID.51–57).

As Defendant notes in its reply brief, however, Plaintiff's complaint avers one count for violation of the FCBA, 15 U.S.C. § 1666. Plaintiff's complaint does not aver any claim under the TILA, 15 U.S.C. § 1643. Thus § 1643 is not applicable and any caselaw discussing the elements and requirements of § 1643 is inapposite. (*See* ECF No. 21, PageID.206). The most important difference between claims brought under the TILA versus those brought under the FCBA is that although disputes of unauthorized use need not be in writing under the TILA, the opposite is true under the FCBA. Without a written notice of billing dispute, a FCBA claim fails. (*See id.*). Because Plaintiff did not allege a claim[1] for relief under the TILA, his motion for summary judgment based exclusively on TILA must be denied. (ECF No. 14).

Meanwhile, Defendant now moves for summary judgment on Plaintiff's FCBA claim, which is his only claim. (ECF No. 15).

> The FCBA imposes certain obligations on creditors who extend consumer credit, which means the transaction is one in which the party to whom credit is offered or extended is a natural person, and the money, property, or services which are the subject of the transaction are primarily used for personal, family, household, or agricultural purposes.

---

[1] Plaintiff has never sought leave to amend his complaint.

*Franklin Bank v. Tindall*, No. 07-13748, 2008 WL 4771927, at *7 (E.D. Mich. Oct. 27, 2008) (internal quotation marks and citations omitted).

The statute elucidates a process for consumers to dispute and seek correction of billing errors. *Id.*

> The FCBA's procedural requirements are triggered when a consumer sends a written notice to the creditor setting forth (1) the name and account number of the consumer credit account, (2) the consumer's belief that the credit statement contains a billing error and the amount of such billing error, and (3) the reasons for the consumer's belief (to the extent applicable) that the credit statement contains a billing error.

*Id.* (cleaned up). "Upon receipt of such a written notice, the creditor has 30 days to send a written acknowledgement of the consumer's written notice." *Id.* Then,

> within two complete billing cycles or 90 days "after the receipt of the written notice and prior to taking any action to collect the account," the creditor must either (1) correct the 'billing error' and inform the consumer of its correction, or (2) after conducting a reasonable investigation, send a written explanation stating that the creditor has determined that no "billing error" has occurred.

*Id.* (quoting 15 U.S.C. § 1666(a)(3)(B); 12 C.F.R. § 226.13(c)(2), (e), (f)).

Plaintiff does not contest the fact that he did not provide written notice of a dispute as required under the FCBA. Instead, he contends that Defendant waived any right to receive a written notice of billing error by acknowledging the oral notice and investigating the alleged billing error. (ECF No. 20).

Various district courts have come to different conclusions regarding waiver under similar circumstances. Some cases have held that since a waiver must be an

"intentional relinquishment or abandonment of a known right which must be clearly and unmistakably established," *United States v. Olano*, 507 U.S. 725, 733 (1993), and that absent such a clear relinquishment, no waiver of the right to written notice under the FCBA can occur. *See McIntosh v. Capital One Bank*, No. 23-3144, 2024 WL 3964234, at *3 (D. N.J. Aug. 28, 2024) (finding that the defendant "did not clearly and unmistakably relinquish its statutory right to written notice under the FCBA"); *accord Andreae v. Capital One*, No. 1:22-cv-618, 2024 WL 1579914, at *4 (S.D. Ohio Apr. 11, 2024). On the other hand, some courts have denied motions to dismiss finding that acknowledging and investigating a dispute could constitute a waiver of the right to a written notice of dispute under the FCBA. *See Savitz v. Citizens Bank, N.A.*, No. 19cv0873, 2020 WL 128573, at *4 (W.D. Pa. Jan. 10, 2020) (" Because Defendant acted upon the [oral] notices provided by Plaintiff, it is clear to the Court that Defendant received adequate notice of a potential error."); *accord Mitchell v. JP Morgan Chase Bank NA*, No. CV-22-00435, 2023 WL 5590635, at *3 (D. Ariz. Aug. 29, 2023).

I suggest that the sound approach is to follow the plain meaning of the statutory text, which requires the consumer to provide a written notice of a dispute and similarly requires the creditor to provide a written response. 15 U.S.C. § 1666(a)(3)(A) and (B). As noted in *McIntosh*, "a finding of waiver here could chill voluntary investigations of billing errors by credit institutions." *McIntosh*, 2024

8

WL3964234, at *3.  Because Plaintiff failed to provide a written notice of dispute, his FCBA claim should fail.[2]  Accordingly, I recommend that Defendant's motion for summary judgment (ECF No. 15) be granted and Plaintiff's motion for summary judgment (ECF No. 14) be denied.

### D. Conclusion

For these reasons, **I RECOMMEND** that Defendant's motion for summary judgment (ECF No. 15) be **GRANTED** and Plaintiff's motion for summary judgment (ECF No. 14) be **DENIED**.

## III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir.

---

[2] As noted earlier, Plaintiff has not averred a claim under TILA, nor has he sought to amend his complaint to aver such a claim.  Plaintiff may fare better under TILA but mere mentions of potential violations of TILA in briefs regarding summary judgment do not serve to amend a complaint or create a claim.

1981).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this R&R.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this R&R to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: March 27, 2025                                s/PATRICIA T. MORRIS
                                                    Patricia T. Morris
                                                    United States Magistrate Judge